UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Iris Radcliffe,<br>    *Plaintiff*,<br><br>    v.<br><br>James Radcliffe,<br>    *Defendant*. | Civil No. 3:09cv258 (JBA)<br><br><br>March 9, 2010 |

RULING ON MOTIONS FOR SUMMARY JUDGMENT

In this diversity action, Plaintiff Iris Radcliffe seeks to foreclose judgment liens she recorded on five properties belonging to Defendant James Radcliffe. Plaintiff and Defendant have cross-moved for summary judgment, thereby joining issue on their dispute of whether Connecticut law permits the use of postjudgment enforcement procedures (Conn. Gen. Stat. § 52-350f) to enforce a property order from a dissolution judgment.

I.    Undisputed Factual Background

In 2003, the Defendant brought a dissolution action against the Plaintiff in Connecticut Superior Court. Following a bench trial in family court in Waterbury, the court entered judgment on July 24, 2006, pursuant to which the Defendant was ordered to pay Plaintiff $275,000 within ninety days. To satisfy that outstanding judgment, which was affirmed on appeal, Plaintiff seeks to foreclose on the five liened real properties located in Connecticut and owned by Defendant.

II.    Discussion[1]

    A.    Postjudgment Enforcement Remedies in Dissolutions Actions

Plaintiff and Defendant dispute whether judgment liens recorded on Defendant's properties

---

[1] The familiar summary-judgment standard will be applied without recitation in detail. Fed.R.Civ.P. 56(c)(2); *see, e.g.*, *Davis v. City of Hartford*, 601 F. Supp.2d 488, 491 (D. Conn.2009) (reciting standard).

to secure Plaintiff's property order in the dissolution judgment, can be foreclosed under Conn. Gen. Stat. § 52-350f, which provides:

> A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a, 52-352b, 52-352d or 52-361a or any other provision of the general statutes or federal law. The money judgment may be enforced, by execution or by foreclosure of a real property lien, to the amount of the money judgment with (1) all statutory costs and fees as provided by the general statutes, (2) interest as provided by chapter 673 on the money judgment and on the costs incurred in obtaining the judgment, and (3) any attorney's fees allowed pursuant to section 52-400c.

Conn. Gen. Stat. § 52-350a(13) defines "money judgment" as "a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment." The parties agree that the $275,000 Defendant was ordered to pay is not a "family support judgment."[2]

Plaintiff argues that the property order in her dissolution decree was a money judgment as defined in Section 52-350a(13), which can be secured by postjudgment liens on the Defendant-judgment debtor's real property that can be foreclosed under Section 52-350f. Indeed, Defendant conceded at oral argument that dissolution property orders are money judgments under Sections 52-350a13 and 52-350f, and the Connecticut Appellate Court has held as much. *See Niles v. Niles*, 15 Conn. App. 718, 720–21 (1988) (property order set forth in dissolution decree was a money judgment and properly governed by Section 52-350f).

Nonetheless, Defendant argues that as a matter of policy, Plaintiff's judgment liens should

---

[2] "Family support judgment" is defined in Conn. Gen. Stat. § 52-350a(7) to mean "a judgment, order or decree of the Superior Court or a family support magistrate for payment of a legal obligation for support or alimony to a spouse, former spouse or child and includes any such order for periodic payments whether issued pendente lite or otherwise."

not be allowed to be placed on Defendant's properties and foreclosed because the "mosaic" that was carefully crafted by the Family Court judge in her dissolution judgment would be disturbed where judgment liens were not expressly authorized in the judgment. He urges that Defendant's non-payment of the judgment should instead be raised with the family court judge on contempt motions or otherwise. Defendant's counsel cites no authority, however, for the proposition that judgment liens based on a property order in a dissolution judgment cannot be recorded or foreclosed.[3] Here, judgment in the dissolution action entered after trial nearly four years ago, Defendant has made no payment in satisfaction of that judgment, and neither party has sought further redress in family court. Defendant makes no claim he was denied due process at the trial and offers no legal authority that Plaintiff is barred from pursuing the present foreclosure action to enforce her judgment liens under Section 52-350f. Therefore, Plaintiff is entitled to foreclose her judgment liens, and her motion for summary judgment is granted. Defendant's summary judgment motion is denied as meritless.

    B.    Interest

Plaintiff claims interest on the $275,000 money judgment entered in the dissolution, commencing on December 21, 2006, which is 150 days after the dissolution judgment entered (the maximum possible time period Defendant had to complete real estate sales). Section 52-350f provides that "[a] money judgment may be enforced against any property of the judgment debtor . . . by foreclosure of a real property lien, to the amount of the money judgment with . . . interest as provided by Chapter 673 on the money judgment." Chapter 673 (Conn. Gen. Stat. § 37-3a) further provides for an interest rate of ten percent a year "as damages for the detention of money after it

---

[3] At oral argument, Defendant conceded that *Stein v. Hillenbrand*, 240 Conn. 35 (1997), on which he relied in briefing, is inapposite.

becomes payable." The parties agree that if the Court determines that the liens sought to be foreclosed are valid, this calculation is ten percent simple interest, or $27,500 per year.

III.   Conclusion

Accordingly, Plaintiff may enforce by foreclosure up to the judgment amount of $275,000 plus interest in the amount of $88,451.86 (to date of ruling) with interest to accrue at the rate of $75.34 per day after March 9, 2010. Plaintiff is directed to serve her expert's appraisals of Defendant's properties no later than May 9, 2010, and Defendant will submit his expert's counter-appraisals no later than May 23, 2010. A hearing will be held on the foreclosure on May 27, 2010 at 10 a.m. In the meanwhile, the parties are referred to Magistrate Judge Margolis for a settlement conference, including potential agreement on type of foreclosure, properties to be foreclosed, and membership of a committee.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 9th day of March, 2010.